# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY ANTWON HARRIS, #202236, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CIV. A. NO. 17-0543-JB-MU ) |
| CHRISTOPHER GORDY, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This action is before the Court on Petitioner Anthony Antwon Harris's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. Because Petitioner has failed to provide the Court with notice of his current address and all mail sent to him at his prison address has been returned, it is recommended that this action be dismissed without prejudice for failure to prosecute.

On December 8, 2017, Petitioner filed his Petition for Writ of Habeas Corpus and represented that his address was Limestone Correctional Facility, 28779 Nick Davis Road, Harvest, Alabama 35749. (Doc. 1 at p. 13). On the same date, Petitioner filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). The Court denied Petitioner's Motion to Proceed Without Prepayment of Fees on February 22, 2018, and ordered him to pay the $5.00 fee within twenty-one (21) days or face dismissal of his action. (Doc. 3). The order was mailed to the Petitioner, but was returned as undeliverable on March 1, 2018. (Doc. 4).

Upon investigation, the Court was advised by the Alabama Department of Corrections that Petitioner had been released from its custody on February 2, 2018. As of this date, Petitioner has not contacted the Court to inquire about the status of this case or to provide a current address and has not paid the required filing fee.

As a consequence of Petitioner's failure to provide the Court with his current address and his failure to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is **RECOMMENDED** that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **26th** day of **September, 2018**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY**
**UNITED STATES MAGISTRATE JUDGE**